*390 OPINION.
Smith:
The respondent has held that the petitioners and W. W. Reed Co. were affiliated for the fiscal year ended March 31, 1920. The petitioners contend that the Rock Island Butter Co. and the Fairmont Creamery Co. should also be included in the affiliated group. This claim is predicated mainly upon the proposition that Droste & Snyder, Inc., and the Fairmont Creamery Co. and Rock Island Butter Co. were closely allied in operation as an economic unit; that the companies had an interlocking directorate under which the Fairmont Creamery Co. and Rock Island Butter Co. operated solely under specific orders issued through John F. Huff of the parent company.
The law applicable to the determination of the issue involved herein is found in section 240 of the Revenue Act of 1918, the pertinent part of which reads as follows:
Sec. 240. (b) For tbe purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
We think it very clear that the evidence does not warrant a finding of fact that substantially all of the stock of two or more interests is owned or controlled by the same corporations, within the meaning of subdivision (2) of the above provision of law. Furthermore, the evidence does not show that the parent corporation owned directly or had any control through closely affiliated interests of 28% per cent of the outstanding stock of the Rock Island Butter Co. and of 27 per cent of the outstanding stock of the Fairmont Creamery Co. So far as appears from the record, the holders of the uncontrolled stock were free to vote it in any manner in which they saw fit and indeed, the evidence shows that in some instances the holders protested to the parent company with respect to the way the Rock Island Butter Co. and the Fairmont Creamery Co. were operated. Although no particular percentage can be interpreted as amounting to substantially all of the stock of a company, as was said in the Appeal of Rishell Phonograph Co., 2 B. T. A. 229, we are clearly of the opinion that in the circumstances which obtain in this case ownership or control of the 71% per cent of the stock of the Rock Island Butter Co. and of 73 per cent of the Fairmont Creamery Co. by the parent company, can not be considered substantially all of such stock within the meaning of the statute. See Wadhams & Co., 2 B. T. A. 569; Goldstein Bros. Amusement Co., 3 B. T. A. 408; Greenville Coaling & Export Corporation, 4 B. T. A. 183.

Judgment will be entered for the respondent.

Considered by Littleton and Love.